UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-813-H

JIAN TIAN LIN                                                                                                    PLAINTIFF

v.

UNITED STATE OF AMERICA                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In a prior Memorandum Opinion, this Court granted Plaintiff Jian Tian Lin's writ of error *coram nobis* on the grounds that *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) applied retroactively to Lin's case. (the "Order"). ECF No. 1.[1] The retroactive application of *Padilla* permitted Lin to establish a claim for ineffective assistance of counsel, because his counsel failed to warn him of the deportation consequences of his conviction.

In its Order, the Court acknowledged that *Chaidez v. United States* was then pending before the Supreme Court, a case that would decide this very issue. Considering the consequences of delaying the ruling, and "mindful of the possibility that the Supreme Court's decision will fall the other way," the Court issued the Order, applied *Padilla* retroactively, and allowed Lin's claim for ineffective assistance of counsel to progress forward, ultimately finding that Lin was entitled to relief.

The Supreme Court subsequently held that *Padilla* was not retroactive. *Id.* Specifically, the Supreme Court held that a petitioner could not maintain an ineffective assistance of counsel claim for his counsel's failure to advise him of the deportation consequences of his conviction

---

[1] Briefly, the United States Supreme Court in *Padilla* held that "counsel must inform her client whether his plea carries a risk of deportation" and failure to do so violates the Sixth Amendment's guarantee of effective assistance of counsel. *Padilla*, 130 S.Ct. at 1486. Prior to this decision, counsel's failure to advise her client of deportation consequences did not necessarily render counsel ineffective. The Court handed down Lin's conviction before the Supreme Court issued *Padilla*, and his counsel, like Padilla's, failed to inform him of the deportation consequences of his conviction. Arguably, then, the holding in *Padilla* did not provide Lin relief. Lin nevertheless moved this Court for a writ of error *coram nobis* on the grounds that *Padilla* should apply retroactively, such that the decision in *Padilla* would govern his case. This Court granted the writ.

prior to the rendering of the *Padilla* decision, as is the case here. *Chaidez v. United States*, 133 S.Ct. 1103 (2013). This Court directed the United States "to appeal this decision or move for reconsideration of it" should the Supreme Court find that *Padilla* was not retroactive. The United States has now moved for reconsideration of this Court's Order.

I.

Lin opposes the United States' motion to reconsider on two grounds. First, Lin contends that the motion is a procedurally improper mechanism to attack this Court's order. The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration. *Ward v. Travelers Ins. Co.*, 835 F.2d 880, *4 n.1 (6th Cir. 1987) ("There is nothing in the Federal Rules of Civil Procedure formally denominated a 'motion to reconsider. . . .'"). However, Courts have generally cast such motions as Rule 59 motions to alter or amend a judgment when filed within 30 days of the Court rendering that judgment. *Id.* Additionally, Courts have also recognized the availability of a motion for reconsideration pursuant to Rule 60, which affords courts discretion to relieve a party from final judgment, order or proceeding, if the party makes the motion within a reasonable period of time. *Lewis v. Mekko*, 2011 WL 754887, *2 (W.D. Ky. Feb. 24, 2011); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory . . . period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment."). The Court can grant relief under Rule 60 for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Though relief under Rule 60 is available and subject to fairly broad definition and discretion, courts should only grant such relief in extraordinary circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Consequently, the Court is comfortable considering the United States' motion for reconsideration as a Rule 60(b)(6) motion based on a change in applicable law.

The Supreme Court's ruling in *Chaidez* is a change in applicable law, but "a change in decisional law is usually not, in and of itself, an extraordinary circumstance that would merit Rule 60(b)(6) relief[.] . . . [C]ourts have required an applicable change in law, coupled with some other special circumstance, in order to grant Rule 60(b)(6)." *Chambers v. Straub*, 2008 WL 2782891, *2 (E.D. Mich. July 17, 2008) (citing *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)) (internal citations omitted). However, the change in law, coupled with this Court's specific instruction to file a motion to reconsider if this precise situation occurred, likely satisfies the "other special circumstance" requirement.[2]

Parties may file a Rule 60(b) motion "within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(b). Under both 60(b)(1) or 60(b)(6), the Court finds that the United States brought the motion within a reasonable time, as the government filed its motion

---

[2] The Court also recognizes that this motion could properly be considered a Rule 60(b)(1) motion based on legal error. Clearly, based on the unequivocal outcome of *Chaidez*, this Court made a legal mistake in finding that *Padilla* applied retroactively.

3

shortly after the Supreme Court issued its *Chaidez* decision, and within a year of the entry of judgment.

Alternatively, Lin apparently argues that Rule 60 cannot apply because the Court's Order was not final. This argument is incorrect; a decision to grant a writ of error *coram nobis* is a final order. *Accord United States v. Johnson*, 237 F.3d 751, 754-55 (6th Cir. 2001) ("For all of these reasons, we believe that the 60-day appeals period prescribed by Rule 4(a)(1)(B) is applicable to petitions for a writ of error *coram nobis.* Mr. Johnson's notice of appeal having been filed within 60 days of the district court's *final order*, this court has jurisdiction over the appeal.") (emphasis added); *Trenkler v. United States*, 536 F.3d 85, 95 (1st Cir. 2008); *Wiley v. United States*, 144 F.2d 707, 708 (9th Cir. 1944).

"A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). The issuance of a writ of error *coram nobis,* which has the legal effect of vacating an underlying conviction that has already been served, ends the proceeding on its merits. The Court is cognizant that in its Order, it directed Lin to file a proposed final judgment in this matter, and that Lin failed to fulfill this directive. However, the Court's Order merely instructed Lin to use the proper procedural channel to ensure the Court could execute the judgment. The Court will not punish the United States for Lin's failure to request such a final judgment, especially in light of the fact that this Court considers grants of writs of error *coram nobis* to be final orders themselves.

II.

Lin next contends that the Supreme Court in *Chaidez* declined to address a question integral to this case, whether the Supreme Court's prior decision in *Teague v. Lane*, 489 U.S.

288 (1989) (considering a challenge to a state law conviction on grounds that the Supreme Court's *Batson* ruling should be applied retroactively), which establishes the test for determining whether certain decisions are retroactive, applies to cases challenging federal convictions on the basis of ineffective assistance. To Lin's credit, the Supreme Court applied *Teague* to determine whether *Padilla* was retroactive, but expressly declined to address whether *Teague's* retroactivity regime should apply to federal convictions or claims for ineffective assistance of counsel. *See Chaidez*, 133 S.Ct. at 1113 n.16.

In its Order, this Court conducted a similar analysis under the *Teague* test as to Lin's federal conviction. The Court engaged in a thorough discussion of whether and to what extent *Padilla* fit into the *Strickland v. Washington*, 466 U.S. 668 (1984) framework for ineffective assistance of counsel claims. Specifically, the Court evaluated whether *Strickland* dictated the outcome in *Padilla* or whether *Padilla* announced a new rule, as per the *Teague* test for retroactive applicability. The Court never considered whether *Teague* was inapplicable in the first place, because Lin never argued to the contrary in his underlying briefs.[3]

Lin asks the Court to either deny the motion for reconsideration or grant the parties additional time to brief this issue. The Court denies Lin's request for two reasons. First, the Supreme Court expressly decided the same issue this Court attempted to decide months ago. The situation in *Chaidez* is nearly identical to Lin's. The federal government convicted both Lin and Chaidez of federal crimes, both served their sentences, and both seek reversal of their convictions on the basis that their counsel neglected to inform them of the deportation

---

[3] In fact, in the reply brief to Lin's motion to vacate, ECF No. 1-10, Lin limits his discussion to the Court's authority to issue a writ of *coram nobis* and the retroactive application of *Padilla*. In his opposition to the present motion, Lin argues that one sentence found in his reply brief supporting the argument that the Court maintains authority to grant this writ *actually* articulated the argument that *Teague* should not apply. The Court finds this argument to simply be cleverly written opportunism. It appears that Lin invites the Court to transform his previous arguments in his opposition to the motion for reconsideration of this Court's Order to capitalize on a question that the Supreme Court conveniently left open. The Court finds that the Order was reasonable according to the prevailing law at the time.

5

consequences of their guilty pleas. Guided by the Supreme Court's decision, this Court will enforce it where, as here, the ruling mandates a particular outcome.

Second, while the Court understands that the Supreme Court refrained from deciding whether *Teague* applies to attacks of federal convictions and ineffective assistance claims because the petitioner failed to raise those arguments in the underlying proceedings, the Court nevertheless finds this argument unpersuasive. The Supreme Court's assumption to apply *Teague* in those circumstances was reasonable. The decision in *Teague* rested on two fundamental principles: comity and finality. While cases of federal convictions do not concern comity, the need to respect and ensure the finality of decisions is sufficient to justify the applicability of *Teague* to cases contesting federal convictions. *See Teague*, 489 U.S. at 309 ("Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.").

This principle has pronounced significance in *coram nobis* cases, where the convict has already served his sentence. The federal government is entitled to reprieve from the threat of challenge due to the persistent evolution of constitutional law. To defend or re-prosecute cases years after the verdict has been delivered and the sentence has been served, would result in mixed consequences, at best, and inefficiencies and disorder at worst. Moreover, federal courts have the same interest in finality as state courts, *see United States v. Frady*, 456 U.S. 152, 166 (1982), so allowing individuals convicted of federal crimes the opportunity to bring collateral challenges where those convicted of state crimes could not seems wholly inequitable and confusing.

Other circuits agree. *See United States v. Sanchez-Cervantes*, 282 F.3d 664 (9th Cir. 2002) ("Although we have not specifically held that *Teague* applies to § 2255 petitions, we have applied it in that context. To clarify our position, we now hold, along with the Second, Fourth, Seventh, and Tenth Circuits, that *Teague* does apply to federal prisoners."). While the Sixth Circuit has yet to rule on this precise issue, it has applied *Teague* to cases involving attacks on a federal conviction. *See Valentine v. United States*, 488 F.3d 325, 342 (6th Cir. 2007) (applying *Teague* to foreclose certain claims where the Petitioners were convicted of federal crimes). Consequently, the Court finds that the holding in *Teague* is applicable to cases challenging federal convictions.

The fact that Lin's collateral attack concerns an ineffective assistance of counsel claim does not dictate a contrary holding. The test established in *Teague* focuses on the effect of a "new" decision on the already existing regime, not the nature of the cause of action itself. The Supreme Court has purposefully carved out two narrow exceptions to the *Teague* rule that are inapplicable to the case *sub judice*, and has never articulated or intimated that a new exception should exist for ineffective assistance claims. This Court will not create one now.

That ineffective assistance of counsel claims are often brought collaterally does not obviate or even diminish the overriding concern for finality, especially in *coram nobis* proceedings. The Court would also point out that most ineffective assistance claims fall within the recognized scope of current Sixth Amendment jurisprudence, such that the situation wherein a court is required to consider a federal ineffective assistance claim within the ambit of the *Teague* test for retroactivity is rare.

In sum, the Court finds Lin's two arguments that *Teague* should not apply cases involving federal convictions or ineffective assistance of counsel claims unpersuasive.

Accordingly, the Court will not deny the government's motion for reconsideration or amend the Order on this basis. The Court needs no further briefing on this issue.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant United States of America's motion for reconsideration is SUSTAINED.

This is a final order.

cc:    Counsel of Record